UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. DEMOS,<br><br>               Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>               Defendant. | CASE NO. C22-103-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff submits a "Petition for a Writ of Prohibition" intended for the Washington State Supreme Court. Dkt. 1. In it, he cites state law as the source of criminal jurisdiction and to support his claim that the King County Superior Court improperly omitted his age in the charging document. Dkt. 1, at 5. He twice writes the words, "U.S. District Court" at the top of substantively blank pages. Dkt. 1, at 3, 7. He does not, however, allege any facts that would substantiate a case based on federal law. He has not paid the civil filing fee and has not submitted an IFP application.

REPORT AND RECOMMENDATION - 1

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). It also contains no federal claims and is patently frivolous.

The Court recommends **DENYING** plaintiff IFP status and **DISMISSING** the proposed complaint, Dkt. 1, without prejudice in accordance with 28 U.S.C. § 1915(g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

The Clerk should note the matter for **February 2, 2022**, as ready for the District Judge's immediate consideration.

1  DATED this 2nd day of February, 2022.

```
                                    _____
                                    BRIAN A. TSUCHIDA
                                    United States Magistrate Judge
```

REPORT AND RECOMMENDATION - 3